**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| FAITH FERRELL, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | Case No.  1:23-cv-01199-MJM |
| | * | |
| ARMY & AIR FORCE EXCHANGE SERVICE, | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Faith Ferrell ("Plaintiff") commenced this civil action against Army & Airforce Exchange Service ("Defendant" or "AAFES") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"). Plaintiff's Complaint alleges she was discharged by Defendant in retaliation for submitting a formal complaint of discrimination against her supervisor. ECF 1 ("Compl."). Currently pending is Defendant's motion to dismiss or, in the alternative, motion for summary judgment. ECF 14. The Court has reviewed Plaintiff's Complaint, Defendant's memorandum in support of the motion, Plaintiff's memorandum in opposition, Defendant's memorandum in reply to Plaintiff's opposition, and documents attached to the parties' memoranda. A hearing on the motion is not necessary. L.R. 105.6. For the reasons explained below, Defendant's motion to dismiss shall be granted and Plaintiff's Complaint shall be dismissed without prejudice.

1

I.    **Background**

The following facts are derived from Plaintiff's Complaint (ECF 1).

Plaintiff was employed by AAFES between October 1999 and September 2022. Compl. ¶¶ 7, 21. In July 2015, Plaintiff began working as a Sales Area Manager in AAFES's Main Store. *Id.* at ¶ 10. In January 2019, Robin Boylan ("Boylan") became the General Manager at Plaintiff's job site. *Id.* at ¶ 12. In September 2021, Plaintiff reached out to Boylan to discuss issues Plaintiff had been experiencing with two subordinate employees, and Boylan requested an in-person meeting. *Id.* at ¶ 13. At the meeting, Boylan dismissed Plaintiff's concerns and questioned Plaintiff about her sexual preferences and whether she was in a relationship with another female employee. *Id.* at ¶¶ 14, 15. In October 2021, Plaintiff filed a formal complaint of discrimination against Boylan but ultimately resolved it informally after she had requested and received an apology letter from Boylan. *Id.* at ¶ 16.

In January 2022, Plaintiff and Boylan met for Plaintiff's yearly performance review. *Id.* at ¶ 17. Boylan "downgraded" Plaintiff's performance review from the prior year to "professional." *Id.* Plaintiff expressed her disagreement with Boylan's review, but Boylan told Plaintiff that "if she challenged the review, [Boylan] would downgrade it even further." *Id.* at ¶ 18.

On August 29, 2022, Boylan called Plaintiff into his office to discuss "an ongoing credit card issue." *Id.* at ¶ 19. The same day, Boylan gave Plaintiff an "advanced notice of separation or proposed termination letter" and asked Plaintiff to choose between being demoted in her position (resulting in a reduction of pay) and termination. *Id.* at ¶ 20. Boylan left AAFES on September 19, 2022. *Id.* at ¶ 22. Plaintiff did not accept the demotion and was terminated on September 29, 2022. *Id.* at ¶ 21.

II.     **Legal Standard**

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 555 (2007) (internal quotation marks and citation omitted). A motion to dismiss under Rule 12(b)(6) constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).

To survive a 12(b)(6) motion to dismiss, a plaintiff must plead enough factual allegations "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A complaint need not include "detailed factual allegations" to satisfy Rule 8(a)(2), but it must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 555-56 (internal quotation marks omitted). Furthermore, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby*, 574 U.S. 10, 10 (2014) (per curiam). However, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (internal quotation marks, brackets, and citation omitted). A complaint must contain factual allegations sufficient "to raise a right to relief above the speculative level[,]" *id.*, and "tender[ing] 'naked assertion[s]' devoid of

'further factual enhancement'" does not suffice. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).

When considering a motion to dismiss, a court must take the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *King v. Rubenstein*, 825 F.3d 206, 212 (4th Cir. 2016). At the same time, "a court is not required to accept legal conclusions drawn from the facts." *Retfalvi v. United States*, 930 F.3d 600, 605 (4th Cir. 2019) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" the defendant's liability for the alleged wrong and the plaintiff's entitlement to the remedy sought. *A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011), *cert. denied*, 566 U.S. 937 (2012).

Ordinarily, a court "is not to consider matters outside the pleadings or to resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways, Inc.*, 510 F.3d 442, 450 (4th Cir. 2007). However, a court may consider matters outside the pleadings attached to a Rule 12(b)(6) motion pursuant to Fed. R. Civ. P. 12(d). If the court does so, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). Pursuant to Rule 56, a court must grant a party's summary judgment motion "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Cybernet, LLC v. David*, 954 F.3d 162, 168 (4th Cir. 2020). To avoid summary judgment, the non-moving party must demonstrate that there is a genuine dispute of material fact so as to preclude the award of summary

judgment as a matter of law. *Ricci v. DeStefano*, 557 U.S. 557, 585–86 (2009); *see also Gordon v. CIGNA Corp.*, 809 F.3d 463, 470 (4th Cir. 2018).

A court may not convert a motion to dismiss to one for summary judgment *sua sponte* unless it provides notice to the parties that it will do so and "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d); *see also Laughlin v. Metro Wash. Airports Auth.*, 149 F.3d 253, 261 (4th Cir. 1998) (noting that a district court "clearly has an obligation to notify parties regarding any court-instituted changes" in the posture of a motion, including conversion under Rule 12(d)). However, when the movant expressly captions its motion "in the alternative" as one for summary judgment and submits matters outside the pleadings for the court's consideration, the parties are deemed have notice that conversion under Rule 12(d) may occur, and the court need not "notify parties of the obvious." *Id.* at 261. A district court has "complete discretion" to decide whether "to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion . . . thereby converting the motion, or to reject it or simply not consider it." WRIGHT & MILLER, FED. PRAC. & PROC. CIV. § 1366 (3d ed. 2004).. Generally, courts are guided by whether consideration of extraneous material "is likely to facilitate the disposition of the action," and "whether discovery prior to the utilization of the summary judgment procedure" is necessary. *Id.* at 165–66.

Summary judgment is generally inappropriate "where the parties have not had an opportunity for reasonable discovery." *E.I. du Pont De Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 448–49 (4th Cir. 2012). However, the non-moving party cannot "complain that summary judgment was granted without discovery unless that party has made an attempt to oppose the motion on the grounds that more time was needed for discovery." *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 961 (4th Cir. 1996). "If a party believes that more discovery is necessary

for it to demonstrate a genuine issue of material fact, the proper course is to file a [Fed. R. Civ. P. 56(d)] affidavit." *Harrods Ltd. v. Sixty Internet Domain Names*, 302 F.3d 214, 244 (4th Cir. 2002). A Rule 56(d) affidavit specifies reasons the non-moving party "cannot present facts essential to justify its opposition[]" to a summary judgment motion. Fed. R. Civ. P. 56(d). "[F]ailure to file an affidavit . . . is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate." *Harrods Ltd.*, 302 F.3d at 244 (quoting *Evans*, 80 F.3d at 961).

Here, Defendant has styled its motion as a "Motion to Dismiss, or in the Alternative, Motion for Summary Judgment," and has presented matters outside of the pleadings for the Court's consideration. Specifically, Defendant presents sworn affidavits and exhibits that offer a legitimate, non-retaliatory reason for the actions challenged in this case. *See* ECF 14-2 through 14-9. In response, Plaintiff has opposed the motion but has not submitted an affidavit pursuant to Fed. R. Civ. P. 56(d) establishing any need for discovery to justify her opposition to summary judgment. To the contrary, Plaintiff has presented exhibits of her own for the Court's consideration. *See* ECF 16-1 through 16-4. Plaintiff argues in her opposition brief that it would be "too *premature*" for summary judgment to be considered at this stage, "without any testimony concerning animus from Boylan[.]" ECF 16 at 6. But one of her exhibits is a detailed sworn statement from Boylan disclaiming any discriminatory or retaliatory animus toward Plaintiff. *See* ECF 16-1 at 11–14. Accordingly, it would be well within this Court's discretion to convert Defendant's motion pursuant to Fed. R. Civ. P. 12(d). *See Harrods Ltd.*, 302 F.3d at 244 ("We have warned litigants that we place great weight on the Rule 56(f) affidavit and that a reference to Rule 56(f) and the need for additional discovery in a memorandum of law in opposition to a motion for summary judgment is not an adequate substitute for a Rule 56(f) affidavit.") (quoting *Evans*, 80 F.3d at 961) (cleaned up).

However, the Court declines to convert Defendants' motion to a summary judgment motion at this juncture. Defendant states in it reply that it is "only" seeking summary judgment "in the event the Court reject[s] [its] first dispositive argument," *i.e.*, that the Complaint must be dismissed for insufficient pleading. ECF 17 at 1. For reasons explained *infra*, the Court agrees with Defendant's first dispositive argument and does not find that there is a need to consider matters outside the Complaint to grant the motion. Defendant's motion will be granted because the Complaint fails to state a plausible claim for relief.

### III.   <u>Analysis</u>

Title VII of the Civil Rights Act of 1964 prohibits an employer from discriminating against "any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Section 704(a) of Title VII expressly prohibits retaliation by an employer against an employee because the employee "has opposed any practice made an unlawful employment practice by [Title VII]," or "has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e–3(a). This provision prohibits employer actions that are "likely to deter discrimination victims" from reporting discrimination to the EEOC, courts, and employers. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). An employee aggrieved by an employer's violation of the statute may recover damages in a civil action brought under Title VII.

To state a claim of retaliation under Title VII, the plaintiff must allege that the defendant employer acted adversely against the plaintiff in response to employee activity protected by Title VII—that a materially adverse action by the employer was causally linked to the protected activity. *Coleman v. Md. Ct. of App.*, 626 F.3d 187, 190 (4th Cir. 2010). Protected activity includes

opposing an unlawful employment practice, making a charge, testifying, assisting, or participating in a Title VII investigation, proceeding, or hearing. 42 U.S.C. § 2000e-3(a). Here, Plaintiff alleges that she engaged in protected activity when she filed a formal complaint of discrimination against Boylan in October 2021. Compl. ¶ 16.

To plead a materially adverse action, Plaintiff must allege an action by the employer that would have "dissuaded a reasonable worker from making or supporting a charge of discrimination." *White*, 548 U.S. at 68 (internal quotation marks omitted). Adverse actions can include "discharge, demotion, decrease in pay or benefits, loss of job title or supervisory responsibility, or reduced opportunities for promotion[.]" *Boone v. Goldin*, 178 F.3d 253, 255 (4th Cir. 1999). In this case, Plaintiff alleges that Defendant took a materially adverse action against her by terminating her employment in September 2022. Compl. ¶ 21.

Though Plaintiff has adequately pleaded that she engaged in a protected activity and that her employer took an adverse action against her, the issue here is whether Plaintiff has pleaded sufficient facts to allege a plausible causal link between her complaint of discrimination in October 2021 and her termination in September 2022. To plead a causal connection, a plaintiff must allege facts to "suggest that the adverse action occurred because of the protected[activity]," or that "the adverse act bears sufficient temporal proximity to the protected activity." *Staggers v. Becerra*, Civ. No. ELH-21-0231, 2021 WL 5989212, at *22 (D. Md. Dec. 17, 2021) (citation omitted).

A.  Temporal Proximity

An employee alleging Title VII retaliation may plead a causal link between her protected activity and her employer's adverse action if the temporal proximity between the employer's knowledge of the protected activity and the adverse action is "very close[.]" *Pascual v. Lowe's Home Ctrs., Inc.*, 193 F. App'x. 229, 233 (2006) (quoting *Clark Cnty. Sch. Dist. v. Breeden*, 523

8

U.S. 268, 273 (2001)). The length of time between the protected activity and adverse action must be short enough to support an inference that the adverse action was caused by the protected activity. *See Price v. Thompson*, 380 F.3d 209, 213 (4th Cir. 2004), *abrogated on other grounds by Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013). A "lengthy time lapse between the [defendant's] becoming aware of the protected activity and the alleged adverse . . . action . . . negates any inference that a causal connection exists between the two." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 501 (4th Cir. 2005) (internal quotation marks and citation omitted). The Fourth Circuit has held that a temporal lapse of even two months may be too long without other retaliatory acts in the interim to support an inference of causation. *See, e.g.*, *Horne v. Reznick Fedder & Silverman*, 154 F. App'x 361, 364 (4th Cir. 2005) (lapse of two months is "sufficiently long so as to weaken significantly the inference of causation") (quoting *King*, 328 F.3d at 151 n.5); *Pascual*, 193 F. App'x at 233 (lapse of three to four months is "too long to establish a causal connection by temporal proximity alone"); *Roberts v. Glenn Indus. Grp.*, 998 F.3d 111, 127 (4th Cir. 2021) (holding that Plaintiff's termination three months after his last report of harassment does not create "a strong inference of retaliation[]").

The temporal lapse between Plaintiff's submission of her discrimination complaint in October 2021 and her receipt of a "proposed termination letter" in August 2022 was about ten months. Compl. ¶¶ 16, 20. Without more, this lengthy gap in time is insufficient to support an inferrence that Plaintiff's protected activity and her termination were causally connected.

B.  Retaliatory Animus

Where the temporal proximity between the protected activity and the adverse action is insufficient, "courts may look to the intervening period for other evidence of retaliatory animus." *Lettieri v. Equant, Inc.*, 478 F.3d 640, 650 (4th Cir. 2007) (citation omitted).

Within the relevant time period, Plaintiff has alleged only one potential adverse action by her employer. Compl. ¶¶ 16–21. Plaintiff alleges that in January 2022, she had a performance review meeting with Boylan during which he "downgraded" Plaintiff's performance to "professional" and told Plaintiff he would further downgrade Plaintiff's performance if she challenged the review. *Id.* at ¶¶ 17, 18. The Complaint states that this performance rating of "professional" was made "despite the positive review [Plaintiff] received from Boylan in January 2020." *Id.* at ¶ 17.

Even when considered in light of the subsequent termination in September 2022, the performance review in January 2022 is not adequate to support an inference of retaliation. First, the allegation that the performance rating of "professional" in January 2022 was made "despite the positive review" Plaintiff received two years earlier is insufficient on its own to explain or support an inference that the "professional" rating was in any way retaliatory or derogatory. Second, even if the January 2022 performance review was causally linked to Plaintiff's protected activity in October 2021, there remained a time lapse of approximately seven or eight months between the performance review and Defendant's adverse action. This lapse in time is too long to support an inference that Plaintiff was terminated in retaliation for her discrimination complaint. *See* Part III.A *supra*. Plaintiff does not allege any other facts to demonstrate any "continuing retaliatory conduct and animus" between the time of her discrimination complaint in October 2021 and her receipt of a termination notice in August 2022. *Alberti v. Rector & Visitors of the Univ. of Va.*, 65 F.4th 151, 156 (4th Cir. 2023) (quoting *Lettieri*, 478 F.3d at 650).

In sum, the Complaint does not contain sufficient facts to state a plausible claim that Defendant took a materially adverse action against Plaintiff in response to her discrimination complaint. Therefore, Plaintiff's retaliation claim is subject to dismissal.

**IV.**     <u>**Conclusion**</u>

For the reasons stated above, Defendant's motion to dismiss (ECF 14) will be GRANTED, and the Complaint will be DISMISSED without prejudice to an amended pleading consistent with this Memorandum Opinion.

A separate Order follows.

  <u>December 6, 2023</u>              <u>     /S/                </u>
Date                                  Matthew J. Maddox
                                    United States District Judge