UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **FAITH FERRELL,** | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. EA-23-1199 |
| **ARMY & AIR FORCE EXCHANGE SERVICE,** | * | |
| | * | |
| Defendant. | * | |
| | * | |

**MEMORANDUM OPINION**

Plaintiff Faith Ferrell initiated the above-captioned action on May 6, 2023, asserting violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* (Title VII), based on allegations that Defendant Army & Airforce Exchange Service (AAFES) terminated her employment in retaliation for submitting a formal complaint of discrimination against her supervisor, and seeking damages and attorney's fees and costs. ECF No. 1. Pending before the Court is AAFES's Motion to Dismiss the Amended Complaint, or in the Alternative, Motion for Summary Judgment. ECF No. 24. AAFES seeks to dismiss with prejudice the Amended Complaint (ECF No. 21-1) or, in the alternative, to grant summary judgment in its favor. ECF No. 24 at 1.[1] The issues are fully briefed (ECF Nos. 24, 27, and 28), and no hearing is necessary. Local Rule 105.6 (D. Md. 2023). For the reasons set forth below, AAFES's motion is granted in part and denied in part as moot.

**I. Background**

Ms. Ferrell pleads one count of retaliation in violation of Title VII in the Amended Complaint. ECF No. 21 at 3-4. Specifically, she alleges that she "engaged in protected activity

---

[1] Page numbers refer to the pagination of the Court's Case Management/Electronic Case Files system printed at the top of the cited document.

after complaining of discrimination [and] was subsequently terminated because of the protected activity." *Id*. at ¶ 26.  In her prayer for relief, Ms. Ferrell seeks actual, punitive, and nominal damages, and attorney's fees and costs.  *Id.* at 4.

According to the allegations in the Amended Complaint, at all relevant times, Ms. Ferrell was a sales area manager in AAFES's main store in Fort Meade, Maryland.[2]  ECF No. 21 ¶¶ 9-10.  In September 2021, Ms. Ferrell contacted the store's general manager Robin Boylan to discuss performance issues she was experiencing with two subordinate employees.  *Id*. at ¶¶ 13-14.  During their meeting, Mr. Boylan dismissed Ms. Ferrell's concerns and instead asked questions regarding her sexual orientation and relationship with another employee.  *Id*. at ¶¶ 14-15.  In October 2021, Ms. Ferrell filed a formal complaint of discrimination against Mr. Boylan.  *Id*. at ¶ 16.  Ms. Ferrell resolved the complaint informally after requesting an apology from Mr. Boylan, which she received.  *Id*.

In January 2022, Mr. Boylan held a performance review meeting with Ms. Ferrell for the prior year.  *Id*. at ¶ 17.  She received a downgraded "professional" rating despite her positive review two years earlier.  *Id*.  When Ms. Ferrell expressed her disagreement, Mr. Boylan indicated that he would further downgrade the review if she challenged it.  *Id*. at ¶ 18.

On August 29, 2022, Mr. Boylan met with Ms. Ferrell "to discuss an ongoing credit card issue."  *Id*. at ¶ 20.  That same day, he gave Ms. Ferrell an "advanced notice of separation or proposed termination letter," requiring her to either accept a demotion with reduction in pay or a termination.  *Id*. at ¶ 21.  Ms. Ferrell did not accept the demotion, so she was terminated one month later on September 29, 2022.  *Id*. at ¶ 23.

---

[2] This factual summary is drawn from the allegations in the Amended Complaint (ECF No. 21), which are accepted as true for the purposes of deciding this motion.  *E.I. du Pont de Nemours & Co.* v. *Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

2

The above allegations comprise the essential facts asserted in the initial Complaint. On December 6, 2023, the Honorable Matthew J. Maddox granted AAFES's initial Motion to Dismiss the Complaint, or in the Alternative, Motion for Summary Judgment. ECF No. 19; *see infra* Section III.A. Thereafter, on December 21, 2023, Ms. Ferrell filed an Amended Complaint. ECF No. 21. The Amended Complaint includes two new paragraphs that further detail AAFES's actions leading up to Ms. Ferrell's termination. ECF No. 21 ¶¶ 19 and 22. The additional allegations contained in those two new paragraphs are detailed immediately below.

On August 15, 2022, two weeks before Mr. Boylan met with Ms. Ferrell to discuss the credit card issue, AAFES's general counsel recommended that Ms. Ferrell be given a 14-day suspension. *Id*. at ¶ 19. Mr. Boylan suggested that he would not be "satisfied with only a suspension." *Id*. In response, AAFES human resources gave Mr. Boylan permission to issue an "advanced notice of separation." *Id*. On September 1, 2022, after Ms. Ferrell had responded to the "advanced notice of separation," Mr. Boylan offered to reduce the proposed termination to a "downgrade[d] position to the 'Main Store'," which would have reduced her pay. *Id*. at ¶ 22.

In her opposition to AAFES's renewed motion, Ms. Ferrell attached as exhibits a declaration from Mr. Boylan and an e-mail exchange between Mr. Boylan and AAFES management. ECF Nos. 27-1 and 27-3. Some of the allegations in Ms. Ferrell's Amended Complaint conflict with these exhibits. *Compare* ECF No. 21 ¶ 19 *with* ECF No. 27-1 at 10.

## II.     Standard of Review

Defendant AAFES moves to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and, alternatively, moves for summary judgment pursuant to Rule 56(a). Rule 12(b)(6) provides that a defendant may move to dismiss a complaint on the grounds that it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 56(a), the Court "shall grant summary judgment if the movant shows that there is no

genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

It is fundamental that the "purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards* v. *City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This pleading standard is designed to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp.* v. *Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (internal quotation marks and citation omitted). When evaluating a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences from the facts in favor of the plaintiff to determine if the plaintiff is entitled to the legal remedy sought. *Ashcroft* v. *Iqbal*, 556 U.S. 662, 678 (2009); *E.I. du Pont de Nemours & Co.* v. *Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011). The same does not hold true for legal conclusions. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 556. To determine whether the Rule 8(a)(2) pleading standard is met, the court separates the complaint's legal conclusions from the factual allegations. *A Soc'y Without a Name* v. *Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

A complaint does not need to contain "detailed factual allegations" to satisfy the Rule 8(a)(2) pleading standard, but it must have "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. To survive a motion to dismiss, a complaint must have "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility standard falls somewhere in between "probability," which is not required, and "sheer possibility," which is insufficient. *Id.*; *Twombly*,

550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level."). The determination of whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Ordinarily a court may not consider matters outside the pleadings when reviewing a motion to dismiss without converting it into a motion for summary judgment. *United States ex rel. Oberg* v. *Pa. Higher Educ. Assistance Agency*, 745 F.3d 131, 136 (4th Cir. 2014); *see also* Fed. R. Civ. P. 12(d). The Court may, however, consider documents attached to the motion to dismiss, so long as they are integral to the complaint and authentic. *Staggers* v. *Becerra*, Civil Action No. ELH-21-0231, 2021 WL 5989212, at *11 (D. Md. Dec. 17, 2021) (internal citations omitted); *Goines* v. *Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016); *see also Robinson* v. *Am. Honda Motor Co.*, 551 F.3d 218, 222-223 (4th Cir. 2009) (finding that district court properly considered exhibits attached to both motion to dismiss and response in opposition because they were "integral to and explicitly relied on in the complaint" and were authentic); *Marks* v. *Licul*, Civil Action No. DKC-13-0347, 2013 WL 6014026, at *6-*7 (D. Md. Nov. 7, 2013) (same). A document is integral to the complaint if "by its very existence, and *not the mere information it contains*, [it] gives rise to the legal rights asserted." *Chesapeake Bay Found., Inc.* v. *Severstal Sparrows Point, LLC*, 794 F. Supp. 2d 602, 611 (D. Md. 2011) (emphasis in original) (internal quotation marks and citation omitted). As a result, when a document is incorporated into the complaint by reference, "or when the complaint otherwise shows that the plaintiff has adopted the contents of the document, crediting the document over conflicting allegations in the complaint is proper." *Goines*, 822 F.3d at 167.

Ms. Ferrell's claims are predicated on Mr. Boylan's retaliation against her based, in part, on the filing of a formal complaint against him. ECF No. 21 ¶¶ 16-22. Although not attached to

5

the Amended Complaint, Mr. Boylan's declaration is quoted in the pleading and attached as an exhibit to her opposition to the pending motion. ECF Nos. 21 ¶ 19 and 27-1. Mr. Boylan's declaration is integral to the Amended Complaint and Ms. Ferrell does not dispute its authenticity. Therefore, the Court will consider the declaration—only to the extent it is quoted in paragraph 19 of the Amended Complaint—without converting AAFES's motion into one for summary judgment. The Court will not, however, consider the remaining exhibits submitted by AAFES and Ms. Ferrell because they are either not integral to the Amended Complaint or are unnecessary to resolve the motion.

### III. Discussion

AAFES moves to dismiss the Amended Complaint pursuant to Rule 12(b)(6), arguing that Ms. Ferrell failed to state a plausible claim that her termination was in retaliation for filing a formal complaint against Mr. Boylan. ECF No. 24-1. Because the Amended Complaint must be dismissed, it is unnecessary to reach AAFES's alternative argument requesting summary judgment in its favor pursuant to Rule 56(a).

Title VII prohibits an employer from discriminating against "any individual with respect to [] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). Section 704(a) of Title VII specifically prohibits an employer's retaliation against an employee who "opposed any practice made an unlawful employment practice" or has "made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII]." 42 U.S.C. § 2000e-3(a). In the absence of direct evidence, a plaintiff may state a *prima facie* claim of retaliation by alleging: (1) the plaintiff engaged in a protected activity, (2) the employer acted adversely against the plaintiff, and (3) the adverse action is causally linked to the protected activity. *Coleman* v. *Md. Ct. of App.*, 626 F.3d 187, 190 (4th Cir. 2010); *Carter* v. *Ball*, 33 F.3d

6

450, 460 (4th Cir. 1994). To plead a causal connection, a plaintiff must allege facts to suggest a close temporal proximity between the protected activity and the adverse action or, absent such proximity, an employer's recurring retaliatory animus during the intervening period. *Massaro* v. *Fairfax Cnty.*, 95 F.4th 895, 902 (4th Cir. 2024) (citing *Lettieri* v. *Equant, Inc.*, 478 F.3d 640, 650 (4th Cir. 2007)). At the "motion to dismiss stage a plaintiff need not establish a prima facie [retaliation] claim, but merely must allege[ ] facts that plausibly state a violation of Title VII above a speculative level." *Staggers*, 2021 WL 5989212, at *22 (D. Md. Dec. 17, 2021) (internal quotations and citations omitted).

### A. Judge Maddox's Opinion

As noted, on December 6, 2023, Judge Maddox issued a Memorandum Opinion granting AAFES's motion to dismiss Ms. Ferrell's Complaint. ECF No. 19. He found that Ms. Ferrell had adequately pleaded the first two elements of a *prima facie* retaliation claim, that she had engaged in a protected activity and her employer took an adverse action against her. ECF No. 19 at 8. The opinion centered on the third element: whether Ms. Ferrell "pleaded sufficient facts to allege a plausible causal link between her complaint of discrimination in October 2021 and her termination in September 2022." *Id*. at 8. Judge Maddox found that the temporal proximity between Ms. Ferrell's October 2021 complaint and the receipt of her "proposed termination letter" in August 2022 was too distant and therefore "insufficient to support an inference that [the two] were causally connected." *Id*. at 9. Citing cases in which the Fourth Circuit held that four, three, and even two months were too long a temporal lapse, Judge Maddox found that the ten months between the complaint and termination was a "lengthy gap in time." *Id*. (citing *Roberts* v. *Glenn Indus. Grp.*, 998 F.3d 111, 127 (4th Cir. 2021); *Pascual* v. *Lowe's Home Ctrs., Inc.*, 193 Fed. Appx. 229, 233 (2006); and *Horne* v. *Reznick Fedder & Silverman*, 154 Fed. Appx. 361, 364 (4th Cir. 2005)).

7

Given that Ms. Ferrell had not pleaded sufficient temporal proximity, Judge Maddox turned his analysis to retaliatory animus. ECF No. 19 at 9. If the length of time between the protected activity and the adverse action is too great, allegations of recurring retaliatory animus during the intervening period may be sufficient to adequately plead a causal link. *Lettieri*, 478 F.3d at 650 (internal citations omitted). Judge Maddox found that the single potentially adverse action in the intervening period (Ms. Ferrell's January 2022 performance review) was inadequate to support an inference of retaliation. ECF No. 19 at 10. First, the allegation that Ms. Ferrell received a downgraded "professional" performance rating after having received a positive review two years earlier was insufficient to support an inference that the rating was retaliatory. *Id*. Second, even assuming that the January 2022 review was causally linked to Ms. Ferrell's protected activity in October 2021, the seven- or eight-month time lapse between the review and the termination was "too long to support an inference that [Ms. Ferrell] was terminated in retaliation for her discrimination complaint." *Id*. Because Ms. Ferrell failed to adequately plead a causal link between her protected activity and her employer's adverse action, Judge Maddox dismissed her Complaint without prejudice. *Id*. at 11.

Although Judge Maddox declined to consider AAFES's motion for summary judgment, he noted that "it would be well within this Court's discretion to convert [AAFES's] motion [to dismiss] pursuant to Fed. R. Civ. P. 12(d)." *Id*. at 6. While it is generally inappropriate to consider summary judgment "where the parties have not had an opportunity for reasonable discovery," it was Ms. Ferrell's obligation "to oppose the motion on the grounds that more time was needed for discovery … to demonstrate a genuine issue of material fact." *Id*. at 5 (internal quotations and citations omitted). The opposition, however, must be accompanied by a Rule 56(d) affidavit specifying why the plaintiff "cannot present facts essential to justify [an] opposition." Fed. R. Civ. P. 56(d). Noting that the failure to include a Rule 56(d) affidavit is a

8

sufficient basis to reject a plea for additional discovery, Judge Maddox excused Ms. Ferrell's failure to file such an affidavit given, in part, because AAFES only sought summary judgment in the alternative.  ECF No. 19 at 7.

### B.    The Amended Complaint

Ms. Ferrell's Amended Complaint adds only two new paragraphs to the pleading and her opposition to AAFES's present motion (ECF No. 27) is effectively identical to her opposition to AAFES's initial motion (ECF No. 16).  Judge Maddox previously considered and rejected Ms. Ferrell's arguments.  ECF No. 19.  Therefore, the only question is whether the two new paragraphs in Ms. Ferrell's Amended Complaint cure the deficient pleading.

The Amended Complaint's two additional paragraphs expand upon the days leading up to Ms. Ferrell's termination, but do not bolster her attempt to plead a sufficient causal connection through either temporal proximity or retaliatory animus.  First, paragraph 19 details the internal discussions between Mr. Boylan and AAFES personnel two weeks before Mr. Boylan issued the advanced notice of separation to Ms. Ferrell.  ECF No. 21 at ¶ 19.  These conversations neither appreciably shorten the temporal proximity between the October 2021 complaint and the September 2022 termination, nor do they contribute to a pattern of retaliatory animus as they are not a separate and discernible act from the termination.  Moreover, these conversations highlight the fact that Mr. Boylan needed authorization to issue the advanced notice of separation, which is contrary to Ms. Ferrell's conclusion that Mr. Boylan was solely responsible for issuing the notice.  *Id*.  Second, paragraph 22 simply reiterates and somewhat muddies the allegations in the preceding paragraph that days after issuing the advanced notice of separation, Mr. Boylan once more (or for the first time) offered Ms. Ferrell a demotion with reduction in pay.  *Id*. at ¶¶ 21-22.  This additional date neither cures the temporal proximity deficiency nor constitutes a separate act

adding to a pattern of retaliatory animus. In fact, it is unclear how Mr. Boylan's revised offer of a demotion in lieu of termination could contribute to an inference of retaliation.

In sum, the new facts added to the Amended Complaint are not sufficient to state a plausible claim of retaliation. Ms. Ferrell urges the Court to piece apart a single event (her termination) into several isolated retaliatory incidents over the course of 45 days. A common sense reading of the Amended Complaint does not support Ms. Ferrell's argument.

It would be well within the Court's discretion to covert AAFES's motion into one for summary judgment in light of Ms. Ferrell's failure to include a Rule 56(d) affidavit despite Judge Maddox's previous warning. Given the posture of the case and AAFES's request for summary judgment in the alternative, the undersigned declines to do so.

## IV. Conclusion

For the foregoing reasons, it is hereby ordered that AAFES's Motion to Dismiss the Amended Complaint, or in the Alternative, Motion for Summary Judgment (ECF No. 24) is granted as to dismissal of the claim and denied as moot as to summary judgment. Ms. Ferrell's Amended Complaint (ECF No. 21) is dismissed without prejudice. A separate Order will follow.

Date: July 19, 2024                                        /s/
                                                    Erin Aslan
                                                    United States Magistrate Judge